CHARLES FITZSIMMONS

*v.*

ANNA J. CASSELL.

*Filed at Springfield March 21, 1881.*

1. ADMINISTRATION—*when claim is of sixth class.* If one of two executors of an estate receives moneys due the estate while acting in that capacity, which have not been accounted for, either by him in his lifetime, or by his legal representatives after his death, the surviving executor will have the right to have the amount so received by his co-executor allowed against his estate as a sixth class claim.

2. PRACTICE—*this court precluded from inquiring into facts found by the inferior or Appellate Court.* By section 89 of the Practice act, this court is required to re-examine cases brought to it as to questions of law only, and is precluded from calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact, except in the cases named in the preceding section.

3. SAME—*when Appellate Court must find the facts.* Where the evidence tends to establish two distinct and opposite states of fact, which would respectively require different and opposing judgments, it is error in the Appellate Court to reverse the judgment of the trial court without reciting in its judgment or final order, the facts as found by the Appellate Court, where no question of law is presented by the record, and its judgment will be reversed, and the cause remanded with directions, that if it finds the facts as they were found in the trial court, to affirm the judgment below, but if it finds the facts differently, to render such judgment upon the facts thus found as the law shall require, and to recite the same in the final judgment or order.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the plaintiff in error, contended, from the facts in the case and the provisions of the will of Joseph J. Cassell, that the moneys sought to be charged to the estate of Charles Cassell, one of the executors of Joseph J. Cassell's will, did not come into his hands as such executor, but were derived from the

rents of property devised to the several children of the testator, which devise invested them with the title to such property, and therefore no trust was created in favor of his father's estate as to such moneys, and it was not properly a claim in the sixth class.

Mr. Wm. Brown, and Mr. R. D. Russell, for the defendant in error.

Mr. Justice Mulkey delivered the opinion of the Court:

Anna J. Cassell, as surviving executrix of Joseph J. Cassell, deceased, filed an account for about eight thousand dollars in the county court of Morgan county, against the estate of Charles Cassell, her late co-executor, and asked that it might be allowed as a sixth class claim.

It is claimed by her, that while he was acting with her as co-executor of Joseph Cassell's estate, moneys belonging to the estate came into his hands, as such executor, to the amount of the claim, which have never been accounted for, either by him in his lifetime or by his legal representatives since his decease.

The claim was allowed by the county court, but on appeal was disallowed by the circuit court, and on appeal to the Appellate Court the judgment of the circuit court was reversed, and the case now comes here on a writ of error from the Appellate Court.

If the facts are as claimed by defendant in error it is clear beyond question that the account was properly allowed by the county court as a sixth class claim, for the moneys in his hands as executor were clearly held by him in trust for the benefit of creditors and distributees under the will, and never having accounted for them, the case is brought within the express provisions of the statute specifying what shall constitute sixth class claims.

Plaintiff in error, on the other hand, denies that the moneys unaccounted for by him came into his hands as execu-

tor of Joseph Cassell, deceased, but claims that the moneys in question were collected by him as rents of certain property belonging to his mother, two sisters, and himself, which they respectively acquired through the will of the said Joseph Cassell, and over which he had no power or control in his character of executor. If the facts are as claimed by plaintiff in error, it is equally clear that the claim was improperly allowed against his estate as a sixth class claim.

So far as we are able to discover from the record before us this whole controversy turns upon a pure question of fact, namely, whether the moneys unaccounted for by Charles Cassell and upon which the claim sought to be allowed against his estate as a sixth class claim is based, belonged to Joseph Cassell's estate, and as such came to the hands of Charles Cassell as his executor.

This question is one which the law has not authorized us to determine, and we could not undertake to do so without disregarding the express provisions of the statute. Section 89 of the present Practice act, provides, " The Supreme Court shall re-examine cases brought to it by appeal or writ of error *as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Courts upon controverted questions of fact,* in any case except those enumerated in the preceding section." It is clear from this section of our statute that this court is not permitted to pass upon controverted facts, with certain exceptions not embracing this case.

Where, as in the present case, it appears from the record that there is a contrariety of evidence tending to establish two distinct and opposite states of fact, which would respectively require different and opposing judgments, as the one or the other might prevail, and the judgment of the Appellate Court simply reverses the judgment of the trial court, without reciting in its judgment or final order the facts as found by the Appellate Court, and no error of law is presented by the record, such judgment will necessarily be

erroneous. For *in such case,* if the Appellate Court finds the facts in the same way the lower court did, it should affirm its judgment, and not to do so would be error. But if, on the other hand, it finds the opposite state of facts, it should recite in its final order or judgment the facts thus found, so that this court could then say, as matter of law, whether the facts as found warranted the judgment rendered, and to not do so is error.

Under such circumstances, this court is unable to determine whether the error consists in not having affirmed the judgment of the lower court or in having neglected to recite in its judgment its findings with respect to the facts.

For the error indicated the judgment of the Appellate Court is reversed, and the cause remanded, with directions to the Appellate Court, if it shall find the facts as found by the circuit court, to affirm the judgment of that court, but that if it finds the facts different from the facts as found by that court, to then render such judgment, upon the facts thus found, as the law shall require, and recite the same in its final judgment, as directed by the statute.

*Judgment reversed.*