## CHARLES W. FITZSIMMONS, Admr.

*v.*

## ANNA J. CASSELL, EX'X.

*Filed at Springfield September 28, 1882.*

1. APPEALS—*reviewing facts.* Where the Appellate Court finds, from the evidence, the facts the same way the circuit court did, by affirming its judgment, and there is no disputed question of law, the judgment of the Appellate Court is conclusive.

2. SAME—*former decision—distinguished.* The case of *Wilson* v. *Kirby,* 88 Ill. 566, is unlike the present. The facts there were embodied in a written agreement, and no controversy as to the facts was before the court, and the question decided was one of law, namely, whether money received pursuant to that agreement was received in trust for any purpose, under a certain provision of the statute.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the plaintiff in error.

Mr. WILLIAM BROWN, and Mr. ROBERT D. RUSSELL, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a contest between the estates of Joseph J. Cassell and Charles Cassell, deceased. Charles Cassell was one of the executors, under the will, of Joseph J. Cassell, deceased. A large amount of money came into his hands while he was acting in that capacity,—either from the assets of the estate administered, or from the rents and profits of real estate,—in acknowledgment of which he drew and signed four instruments in writing, of each of which the following is a copy:

"JACKSONVILLE, ILL., *April 1, 1869.*

"One day after date I promise to pay to Anna J. and Charles Cassell, executors of the estate of Joseph J. Cassell, deceased, two thousand and fifty-five dollars and eighty-eight cents, value received, with interest from date, at ten per cent per annum.                CHARLES CASSELL."

Each note is indorsed in lead pencil: "Interest paid on this note to April 1, 1873, and $892 on one note." Each bore the same indorsement, and on paper attached to these notes or papers was this: "These notes were given in settlement of account of Charles Cassell."

Defendant in error exhibited a claim in favor of the estate of Joseph J., against the estate of Charles, based on these instruments, and sustained, to some extent, by other evidence,

23—104 ILL.

·to the county court of Morgan county, and that court rendered judgment thereon, allowing the claim in favor of the estate of Joseph J. for $11,785.42, as a sixth class claim, under the statute, to be paid in due course of administration. An appeal was prosecuted from that judgment to the circuit court of Morgan county, by the administrator of the estate of Charles, and there the claim was rejected. The surviving executrix of the will of Joseph J. appealed from that judgment to the Appellate Court for the Third District, and that court reversed the judgment of the circuit court. Subsequently the cause was re-tried in the circuit court, and that court then gave judgment allowing the claim in favor of the estate of Joseph J. as a sixth class claim, under the statute, for the sum of $12,889, to be paid in due course of administration. A writ of error was sued out upon that judgment from the Appellate Court for the Third District, and that court, at its May term, 1882, affirmed the last named judgment of the circuit court. This writ of error brings the record of that judgment before us for review.

After the Appellate Court had reversed the judgment of the circuit court, and the cause had been remanded to the circuit court pursuant to the order of the Appellate Court, and after the circuit court had re-tried the cause and rendered judgment allowing the claim in favor of the estate of Joseph J., the administrator of Charles prosecuted a writ of error from this court, on the said judgment of the Appellate Court reversing the judgment of the circuit court, and this court rendered judgment reversing that judgment of the Appellate Court. (*Fitzsimmons* v. *Cassell*, 98 Ill. 332.) Subsequently, on the cause being again brought up in the Appellate Court, on motion in that court to render judgment in conformity with the order of this court, and that court construing this court to have allowed it a discretion to enter a different judgment from that formerly entered on the same judgment, by a new order entered the same judgment, revers-

ing and remanding the cause. No appeal has ever been taken from that judgment, or writ of error prosecuted to procure its reversal.

When this case was here before, we said: "So far as we have been able to discover, from the record before us, this whole controversy turns upon a pure question of fact, namely, whether the moneys unaccounted for by Charles Cassell, and upon which the claim sought to be allowed against his estate as a sixth class claim is based, belonged to Joseph Cassell's estate, and as such came to the hands of Charles Cassell, as his executor. This question is one which the law has not authorized us to determine, and we could not undertake to do so without disregarding the express provisions of the statute."

The circuit court, in rendering judgment in favor of the claim, necessarily must have found that the moneys unaccounted for, and on which the claim is based, belonged to the estate of Joseph J. Cassell, and the Appellate Court, in affirming that judgment, must have found the same way. But whether so or not, its judgment settles the question of fact, and there is no disputed question of law. Indeed, after having gone through all the evidence in the record, we are unable to perceive, if it were proper for us to express any opinion thereon, that there is any error in the finding of fact. There was ample evidence to authorize the conclusion that the money for which Charles had become liable was assets of the estate, received by him in his capacity as executor, and not rents, etc., which he had collected, belonging to the heirs. But we place our judgment solely on the ground that this was purely a question of fact, and, being the only question in the case, the judgment of the Appellate Court is conclusive. *Wilson* v. *Kirby*, 88 Ill. 566, is cited as holding a contrary doctrine. That case was totally unlike the present. The facts there were embodied in a written agreement, and no controversy in that regard was before the court. The question was one

of law, namely, whether money received pursuant to that agreement was received "in trust for any purpose," within a certain provision of the statute. _Pulsifer_ v. _Winterhoff_, 102 Ill. 400, _Tenney_ v. _Foote_, 95 id. 99, _Aurora_ v. _Pennington_, 92 id. 564, _Carr_ v. _Miner_, id. 604, _Hayward_ v. _Merrill_, 94 id. 349, and _Hewitt_ v. _Board of Education_, 94 id. 528, are in harmony with, and sustain, what we said as quoted _supra_, when the case was formerly here.

The judgment is affirmed.

_Judgment affirmed._