44   277
144s  507

Peter Svanoe and Marie Relling, Adm'rs, etc.,

v.

Alex Jurgens.

*Administration—Priority of Claims under Statute—Trust Funds.*

In the case presented, this court holds that funds received by appellants' intestate from the sale of drafts for appellee, were received in trust and were within the sixth class of claims under the statute regulating the distribution of decedent's assets.

[Opinion filed April 9, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Richolson, Matson & Pease, for appellants.

Messrs. Blanke & Chytraus, for appellee.

Gary, J.   The appellee is the western passenger agent of the American Steamship Line, of which Peter Wright & Sons, of Philadelphia, are general agents.   The appellants are the administrators, with the will annexed, of Ingebright T. Relling, deceased.

Peter Wright & Sons supplied the appellee with blank drafts, each on its face limited to a small amount, and the

appellee supplied the deceased therewith in quantities of twenty-five to fifty at a time. The deceased sold them, necessarily filling in the name of the payee and the amount, and up to the latest time to which any testimony relates, had paid over to the appellee the proceeds of the sales on the same days that they were made. But the testimony stops at a point a year before the death of Relling. It is agreed, however, that at the time of his death he had sold drafts, and received the proceeds to the amount of $1,219.81, which he had not paid over. He had no commission on the sales; he should have paid over the whole proceeds. He must have found his profit in some effect upon his other business. Upon this state of facts the Circuit Court held that the money not paid over, was money received by Relling in trust, and should be allowed in the sixth class against his estate. Sec. 70, Chap. 3, R. S., Administration. A majority of this court concur in that decision. A plausible, if not a sound, argument can be made for or against it.

If the case is within the principle of Tracey v. Hadden, 78 Ill. 30, and Fitzsimmons v. Cassell, 98 Ill. 332, the decision is right; if within that of Taylor v. Turner, 87 Ill. 296, and Wilson v. Kirby, 88 Ill. 566, it is wrong. The judgment is affirmed.

*Judgment affirmed.*