Shipherd v. Furness.

*Reversed and remanded.*

---

## John J. Shipherd

v.

## William Eliot Furness and Anna M. G. Carlisle, Administrators.

*Administration—Claim—Clause 6, Sec. 70, Chap. 3, R. S.*

1. In the case presented, a claim was filed against an estate in the Probate Court of Cook County, it being asked that the same be allowed as a claim of the sixth class, under clause 6, Sec. 70, Chap. 3, R. S. The Probate Court denied the claim; the Circuit Court upon appeal, took the same position. This court holds likewise.

2. The word "trust" as used in that clause does not embrace implied or constructive trusts. The clause only refers to trusts of an express and technical character.

[Opinion filed October 28, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. George Driggs, Judge, presiding.

Messrs. Adams & Hamilton, for appellant.

Mr. David Fales, for appellees.

Mr. Justice Gary. On the 5th day of March, 1889, an executory agreement was in force for the transfer by James M. Gamble to the appellant of all of the capital stock of the Palace Hotel Company of Chicago, being $200,000. Gamble died on the 15th day of June, 1889, while the agreement remained executory. The appellees are his administrators.

On the 5th day of March, 1889, Gamble delivered to the appellant a paper as follows:

Cleveland, O., M'ch 5, 1889.

"This may certify that John J. Shipherd has this day executed to me his five (5) certain promissory notes, dated Cleveland, O., March 5, 1889, each for the sum of $5,000, payable three months after date to my order, at the Union National Bank of Chicago, Ill., which notes are to be negotiated by me, and the proceeds thereof applied to the purchase of furniture and other necessary equipment of the Palace Hotel of Chicago, in accordance with the agreement made by me with said Shipherd, under date of February 25, 1889. And I hereby agree to apply the proceeds of said notes for the purposes named. This agreement is collateral to said agreement of February 25, 1889.

(Signed)     Jas. M. Gamble."

Gamble received the notes and discounted them, attaching to each note a certificate for two hundred shares of the nominal value of $20,000 of the capital stock of the hotel company, as collateral. The notes were not paid when due, and the appellant gave to Gamble another set of five notes of the same amount, with which Gamble took up the original five, attaching the certificates of stock to the second set as collateral. A copy of one of that second set, which were all alike, is:

" $5,000.               New York, May 3rd, 1889.

On September 3, 1889, after date and upon return of securities given, I promise to pay to James M. Gamble or order, at the Union National Bank, Chicago, Ill., five thousand dollars, for value received, with interest at six per cent per annum, having deposited with him as collateral security, twenty thousand dollars ($20,000) of stock of the Palace Hotel Company of Chicago, Ill., with authority to sell the same or other security subsequently substituted at the board of brokers, or at public or private sale at their option, on the non-performance of this promise and without further notice; applying the net proceeds to the payment of this note, including interest, and accounting to me for the surplus, if

any. In case of deficiency, I promise to pay to the said James M. Gamble the amount thereof, forthwith after such sale, with legal interest.

Jno. J. Shipherd,<br>Cleveland, Ohio."

Shipherd has paid a part of the second set of notes; how much is not material to inquire; it being more than the amount of furniture, etc., put into the hotel by Gamble, with either his own means or upon his own credit. He put in a great deal on the credit of the hotel company, and afterward guaranteed payment by the hotel company.

The collaterals to such of the notes as Shipherd paid were delivered to Shipherd. How much, and by whom, has been paid for the purchases on the credit of the hotel company, does not appear.

We concur with the Circuit Court, in holding that Shipherd has no claim to be put in the sixth class of creditors of the estate of Gamble. The statute, Sec. 70, Chap. 3, sixth clause, is: "Where the decedent has received money in trust for any purpose his executor or administrator shall pay out of his estate the amount thus received and not accounted for."

In Wilson v. Kirby, 88 Ill. 566, the Supreme Court held that the word "trust" as used in that clause, does not embrace implied or constructive trusts; and by adopting the construction which the Supreme Court of the United States in Chapman v. Forsyth, 2 How. 202, placed upon the Bankrupt Act of 1841, as authority, in effect held that the clause was confined to technical trusts. The same distinction is recognized in Fitzsimmons v. Cassell, 98 Ill. 332, and 104 Ill. 352.

As a claim under the seventh clause Shipherd is entitled to an account from the estate of Gamble, but as the parties agree that if anything should be allowed to Shipherd in the seventh class, such claim would not be of sufficient value to justify the cost of litigation, and desire this court to act upon such agreement, the judgment will be affirmed. *Judgment affirmed.*