## JOHN H. HANCOCK

*v.*

## THE SINGER MANUFACTURING COMPANY.

*Opinion filed October 24, 1898.*

1. PRACTICE—*effect of Appellate Court's recital of facts in its judgment.* The Appellate Court's recital of facts in its judgment, under section 87 of the Practice act, is conclusive of such facts, the only question on appeal to the Supreme Court being whether, upon the facts as found, the law authorizes or precludes a recovery.

2. PRINCIPAL AND AGENT—*principal not liable for acts of agent exceeding scope of his authority.* A manufacturing company is not liable in a suit for malicious prosecution, based on the arrest of the plaintiff by the company's agent for malicious mischief in injuring one of the company's machines, where the agent's authority is expressly limited to selling and leasing the machines and collecting therefor, his act promptly disaffirmed by the company, and the complaint dismissed before trial, at the agent's cost.

*Singer Manf. Co.* v. *Hancock*, 74 Ill. App. 556, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of the city of Alton; the Hon. B. H. CANBY, Judge, presiding.

JOHN J. BRENHOLT, for appellant.

WISE & McNULTY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by John H. Hancock, against the Singer Manufacturing Company, for malicious prosecution. It appears that Hancock was arrested upon a warrant sworn to by one Preston, claiming to be an agent of the Singer Manufacturing Company, and in the complaint it was charged that Hancock was guilty of malicious mischief in taking apart and injuring a sewing machine, the property of the Singer Manufacturing Company. The warrant was issued by the justice on May 22, 1896, and delivered to a constable. On the same day

the constable served the warrant, and Hancock gave bail for his appearance before the justice upon a future day. Three days thereafter the prosecution was abandoned and dismissed, and this action was brought to recover damages for the arrest. On a trial before a jury a verdict was returned in favor of Hancock for $1500, upon which the court entered judgment. The Singer Manufacturing Company appealed to the Appellate Court, where the judgment was reversed and a remanding order refused.

Upon reversing the judgment the Appellate Court made a finding of facts, which was incorporated in its judgment, as follows: "Daniel Preston, pretending to act as agent of appellant for the purpose, complained, under oath, to a justice of the peace of Madison county, in this State, that appellee, at and in the county, had committed the crime of malicious mischief, done to a Singer sewing machine, the property of appellant, and appellee was arrested on a warrant issued on the complaint; that said Preston was not the agent of and had no authority to act for appellant for such purpose; that appellant never, in any way, adopted or ratified his act, but as soon as advised of it promptly disaffirmed it, and no trial was had but the complaint was dismissed at Preston's cost. Preston was the agent of appellant, but his authority was expressly confined to the selling and leasing of sewing machines and the collection of money therefor."

The Appellate Court did not reverse the judgment of the trial court on account of any erroneous rulings on questions of law, but found the facts different from the finding in the trial court, and incorporated that finding in its judgment, and reversed on the ground that the evidence did not authorize a recovery. Under section 87 of the Practice act, as amended by the act of June 2, 1877, (Laws of 1877, p. 153,) the judgment of the Appellate Court is final and conclusive as to all matters of fact in controversy. The decision of the Appellate Court being conclusive on the questions of fact, we cannot review

them on appeal. (*Williams* v. *Forbes,* 114 Ill. 167.) Whether the finding is right or wrong is a question that does not arise here. There is therefore but one question properly before us on this record, and that is, whether, on the facts as found by the Appellate Court, the law authorizes or precludes a recovery.

If the Singer Manufacturing Company did not cause the arrest of appellant, no argument is needed to establish the proposition that it could not be held liable to respond in damages for the arrest. The only way in which it was sought to hold the company liable was, that Preston, who was an agent of the Singer Manufacturing Company, caused the arrest. But the Appellate Court found Preston was not the agent of the company, and had no authority to act as such, in causing the arrest. As he was not, therefore, the agent, his acts could not be binding on the company unless ratified, which was not the case.

Under the facts as they appear in the record the judgment of the Appellate Court holding that no recovery could be had was right, and it will be affirmed.

*Judgment affirmed.*