FRANK SUPPLE

*v.*

JOHN P. AGNEW *et al.*

| 202 | 351 |
| e204 | ²182 |
| f204 | ²183 |

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*insufficiency of evidence may be urged under assignment of error that court denied new trial.* The insufficiency of the evidence to sustain the verdict may be urged under an assignment of error that the court refused to grant a new trial, particularly where such insufficiency was specified as one of the grounds of the motion for new trial.

2. SAME—*power of the Appellate Court to reverse without remanding.* Under section 87 of the Practice act the Appellate Court has the power to reverse a judgment in a personal injury case without remanding the cause if the weight of the evidence does not authorize the verdict; and its finding of facts, in such case, is binding upon the Supreme Court, except as to whether the law was correctly applied to the facts found.

*Agnew* v. *Supple*, 99 Ill. App. 19, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

MORRIS ST. P. THOMAS, for plaintiff in error.

O. W. DYNES, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This case was brought before us at a former term, and a statement of the case, with an opinion, was filed October 24, 1901, reported in 191 Ill. 439. A judgment of the Branch Appellate Court for the First District, reversing, without remanding, a judgment of the superior court of Cook county in favor of the plaintiff in error against the defendants in error, was then reversed for want of a finding of facts by that court, and the cause remanded to it, "with directions to enter such judgment reversing and re-

manding or affirming the judgment of the superior court
of Cook county as in their judgment may be proper, or
reciting in their judgment the facts so found by them,
if any such final determination of the cause is made by
them as is provided for in section 87 of the Practice act."
In compliance with that order the cause was re-docketed
in said Appellate Court and final judgment rendered in
favor of defendants in error, with a finding of facts, as
follows: "The court finds that the injury to the appellee
(Supple) was not caused, as charged in the declaration
herein, by any negligence of appellants (Agnew *et al.*) in
failing to furnish a sufficient number of persons to per-
form the work of moving the log or timber by the fall of
which appellee was injured, and to prevent said timber
from rolling, falling or shifting while the 'dolly,' with
said timber, was being moved along the runway.    The
court finds that the fall of said timber and the injury to
said appellee were caused by the negligence of appellee
and his fellow-servants in failing to exercise due care
and caution, and failing to use obvious and ordinary pre-
cautions for their own safety." (99 Ill. App. 19.)    To re-
verse the latter judgment the plaintiff in error has sued
out this writ, and urges as ground of reversal "that the
Branch Appellate Court founded its judgment of reversal
on a supposed error which had been formally and dis-
tinctly waived by the appellants [these defendants in
error] in the printed argument filed in that court."

The record does not sustain the contention. When the
case was first before the Appellate Court, among other
errors assigned upon the record were the following:
(2) The verdict is contrary to weight of proper evidence;
(3) the verdict is against preponderance of evidence;
(34) the trial court erred in refusing to grant a new trial;
(35) the trial court erred in overruling defendants' mo-
tion for a new trial and entering judgment on the verdict
against defendants. It is true that in the argument filed
in that court counsel stated: "In this court we seek only

a reversal of the judgment without remanding, and therefore we rely here alone upon those assignments of error which are germane to that purpose and are specified in the following argument, disregarding all others." In the argument, the second and third assignments of error were not specifically pointed out, but the thirty-fourth and thirty-fifth were. Under the assignment of error that the court refused to grant a new trial, plaintiff in error could urge that the evidence fails to sustain the verdict, that being a ground for a new trial. (*Chicago and Rock Island Railroad Co.* v. *Northern Illinois Coal and Iron Co.* 36 Ill. 60.) In the present case, as grounds for a new trial, the written motion stated the same causes set forth in the second, third, thirty-fourth and thirty-fifth assignments of error as above. It cannot, therefore, be said that the defendants in error, upon the former hearing in the Appellate Court, waived the question that the verdict was contrary to the weight of the evidence. The reliance placed upon that ground in the argument is immaterial. It is clear that counsel did not intend to be understood as waiving it. That the Appellate Court had the power, under section 87 of the Practice act, to reverse the judgment of the superior court without remanding the cause, upon the ground that the weight of the evidence did not authorize the verdict, is too well settled by our former decisions to be longer a matter of controversy. (*Fitzsimmons* v. *Cassell*, 98 Ill. 332; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399, and cases cited; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348.) Nor can it be denied that the finding of facts recited by the Appellate Court in its judgment is conclusive upon this court. In such case we can only determine whether or not the Appellate Court properly applied the law to the facts so found. A few of the cases so holding are *Hawk* v. *Chicago, Burlington and Northern Railroad Co. supra; Hancock* v. *Singer Manf. Co.* 174 Ill. 503; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Homersky* v. *Winkle Terra Cotta Co.* 178 id.

562.) It is not pretended that the plaintiff below could, under the law applied to the facts found by the Appellate Court, recover. The judgment of that court must accordingly be affirmed.

*Judgment affirmed.*