JOSEPH TRAKAL

*v.*

THE HEUSNER BAKING COMPANY.

*Opinion filed October 26, 1903.*

1. APPEALS AND ERRORS—*Appellate Court's finding of facts is conclusive.* Under section 87 of the Practice act the finding of ultimate facts embodied in the judgment of the Appellate Court reversing a judgment at law on the facts without remanding is conclusive upon the Supreme Court.

2. SAME—*what are ultimate facts in action for personal injuries.* The ultimate facts in an action for personal injuries are, ordinarily, whether the plaintiff was or was not in the exercise of ordinary care and whether defendant was or was not guilty of negligence.

3. SAME—*when finding of facts by Appellate Court is final in action for injuries.* A finding in the judgment of the Appellate Court reversing a judgment for damages for personal injuries, that plaintiff was injured in consequence of his failure to use ordinary care and that the defendant was not guilty of any negligence contributing to the injury, is final, and the judgment must be affirmed by the Supreme Court. (*Supple* v. *Agnew*, 202 Ill. 352, followed.)

*Heusner Baking Co.* v. *Trakal*, 107 Ill. App. 327, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

The following is the statement of facts which precedes the opinion of the Appellate Court in this case:

"Appellee, a baker by trade, aged fifty-five years, was injured while in the employ of appellant. His hand was caught between two iron rollers of an appliance used for mixing dough. This dough-mixer was a machine made up of two cylinders, like the cylinders of a common wringing machine used on a wash-tub. They were in positions parallel to each other, about one-half inch apart. These two cylinders occupied such a relative position that a line passed through their axes would be at about an angle of forty-five degrees from the horizontal. They were about two feet long and three or four inches

in diameter. The dough was placed upon a slanting board back of the cylinders, on which it slid down, by gravitation, upon the cylinders at their line of articulation. The cylinders revolved by steam power in the same directions as do those of the wash-tub wringer, and drew the dough through between them, dropping it down below upon a horizontal board, where the workman, standing in front of this board, would pick it up in his hands and throw it over the top of the cylinders back on the slide-board, where it would pass through between the rolls again, and again be picked up by the workman, and the operation repeated until the dough was sufficiently mixed. The top of this mixing machine,—that is, the top of the cylinders,—was about three and one-half feet from the floor. Over the top of the higher cylinder was a guard, which prevented the arms of the workman from coming in contact with the cylinders. This mixing machine was supplied with a belt-shifter, by which it could be stopped or started at the will of the workman. During the eight months that Trakal worked at this bakery he worked in the same room where the machine was, about two and one-half hours each day, and before commencing to work for appellant, Trakal had worked in another bakery at Freeport, Illinois, where they had a similar machine. However, he had not operated this kind of machine himself but a portion of two days—the day of his injury and the day preceding. The plaintiff states that on the day preceding the accident the man who usually worked on the dough machine was absent on account of sickness, and the plaintiff was told to take his place. He thereupon, without complaint or protest, went over to the mixing machine, took hold of the belt-shifter, started the machine in motion, brought over his dough, mixed it, again took hold of the belt-shifter, stopped the machine and carried away his mixed dough. The next day he was again told to use the dough-mixer, and he again went over to the machine, which was

standing still, took hold of the belt-shifter and started the machine in motion by shifting the belt, then noticing that on the slide-board, at a point one and one-half feet away from the rolls, there was some dirt or water which he feared might pollute the dough, he took a little scraper which belonged to the machine, and without shifting the belt or stopping the machine, reached over the top of the rolls and began scraping the dirt off the slide-board. While doing this, from some unexplained cause his hand passed through the space of one and one-half feet from the point where he was scraping the dirt to the line of articulation between the cylinders, at which latter point it was caught by the cylinders, drawn between them and was injured. These cylinders moved at the rate of sixty to seventy revolutions per minute. Their motion created no perceptible draft or suction— not even enough to disturb the dry flour upon the slide-board. No other part of this machine moved while it was in operation except these cylinders.

"The declaration alleged that appellee (plaintiff below) was a baker in the employ of appellant, but was not familiar with this dough-mixer, which appellant well knew or ought to have known; that the foreman of appellant directed him to work upon this machine, but neglected to instruct him in its use or to warn him that it was dangerous, and that while working therewith, while in the exercise of due care, from his want of skill in its operation and his ignorance of its dangers, his left hand was caught between the cylinders and was crushed, etc.

"At the close of plaintiff's case the defendant moved the court to exclude the evidence and to instruct the jury to find the defendant not guilty. The court denied such motion, and the defendant took exception thereto. At the close of all the evidence the defendant renewed its said motion and presented to the court a written instruction to find the defendant not guilty, and asked the court to give the same to the jury, which the court refused to

do, to which action the defendant duly excepted. The jury returned a verdict for the plaintiff and assessed his damages at the sum of $3500."

Judgment was entered upon the verdict. An appeal was taken to the Appellate Court where the judgment was reversed; and the present appeal is from such judgment of reversal.

LEOPOLD SALTIEL, for appellant.

O. W. DYNES, for appellee.

Mr. JUSTICE MAGRUDER delivered·the opinion of the court:

In this case the Appellate Court reversed the judgment of the Superior court of Cook county without remanding the cause; and in its judgment it made the following finding of facts: "The court finds that appellee was injured by reason of his own negligence; that appellant was guilty of no negligence which contributed to such injury; that appellee failed to use ordinary care and caution for his own safety, and, in consequence thereof, he received the injuries of which he complains, and that appellee assumed the risks incident to his employment, including those arising from the use of this machine."

In *Supple* v. *Agnew*, 202 Ill. 352, the Appellate Court embodied in its judgment a finding that the injury to the appellee in that case was not caused by any negligence of the appellants therein, and that the injury to appellee was caused by the negligence of appellee, and his fellow-servants, in failing to exercise due care and caution, and failing to use obvious and ordinary precautions for their own safety; and in that case we said: "That the Appellate Court had the power, under section 87 of the Practice act, to reverse the judgment of the superior court without remanding the cause, upon the ground that the weight of the evidence did not authorize the verdict, is

too well settled by our former decisions to be longer a matter of controversy. (*Fitzsimmons* v. *Cassell,* 98 Ill. 332; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399, and cases cited; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348). Nor can it be denied that the finding of facts, recited by the Appellate Court in its judgment; is conclusive upon this court. In such case, we can only determine whether or not the Appellate Court properly applied the law to the facts so found. A few of the cases so holding are *Hawk* v. *Chicago, Burlington and Northern Railroad Co. supra; Hancock* v. *Singer Manf. Co.* 174 Ill. 503; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Homersky* v. *Winkle Terra Cotta Co.* 178 id. 562. It is not pretended that plaintiff below could, under the law applied to the facts found by the Appellate Court, recover. The judgment of that court must accordingly be affirmed."

The decision in the case of *Supple* v. *Agnew, supra,* applies to, and controls, the disposition which should be made of the case at bar. Under section 87 of the Practice act, the finding of facts, embodied in its judgment by the Appellate Court, is conclusive upon this court. The facts, which the Appellate Court is required by section 87 to find and incorporate in its judgment, are the ultimate facts, upon the existence or the non-existence of which, as set up in the pleadings, the rights of the parties depend. In an ordinary action for damages on account of injuries received, the ultimate facts will ordinarily be, that the plaintiff was or was not in the exercise of ordinary care, and that the defendant was or was not guilty of negligence. (*Hogan* v. *City of Chicago,* 168 Ill. 551; *Siddall* v. *Jansen,* 143 id. 537; *Senger* v. *Town of Harvard,* 147 id. 304; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399). Inasmuch as the Appellate Court has found that the present appellant, who was the appellee in the Appellate Court, failed to use ordinary care and caution for his own safety, and, in consequence thereof, received the injuries of which he complains, and that

the present appellee company, which was the appellant before the Appellate Court, was guilty of no negligence which contributed to the injury, an affirmance of the judgment of the Appellate Court necessarily follows. The argument of counsel for the appellant, made in this court, consists principally of a discussion of the facts, and is an attempt to show by such discussion that the Appellate Court was mistaken in finding that the present appellant failed to exercise ordinary care, and that the present appellee was not guilty of negligence. Such discussion can have no influence with this court for the reason that, under the law, the finding of facts thus indicated is binding upon this court, and cannot be contradicted in this court.

Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*