## THE WELLS & FRENCH COMPANY

*v.*

## MARTIN KAPACZYNSKI.

*Opinion filed June 23, 1905—Rehearing denied December 6, 1905.*

1. APPEALS AND ERRORS—*the Appellate Court's finding of facts is conclusive.* A finding of the ultimate facts incorporated by the Appellate Court in its judgment reversing a judgment at law without remanding is conclusive as to the facts so found, the only question for the Supreme Court being whether the facts found justify the judgment entered.

2. MASTER AND SERVANT—*when doctrine of assumed risk has no application.* If the Appellate Court, in reversing a judgment in favor of the defendant in an action by a servant for personal injury, finds that the injury resulted from the wrongful and negligent order of the defendant, the plaintiff being without fault, the doctrine of assumed risk has no application.

SCOTT and HAND, JJ., and CARTWRIGHT, C. J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action on the case brought by the appellee, against appellant, to recover for personal injuries.

The substantial averments in the declaration are, that the defendant was possessed of, using, controlling and operating a certain factory, building and plant, commonly called "car shops," which then and there contained certain machinery, operated by steam power, used and operated in the conduct of the business of the said defendant; that the plaintiff was in the employ of said defendant as a planer, under the orders and direction of a certain foreman or boss of defendant and whose orders and commands in the premises plaintiff was obliged to obey, and that on the day aforesaid said foreman or boss of the defendant then and there

ordered and directed him to work at and on a certain machine to plane certain pieces of wood there; that in pursuance of such order he then and there did proceed to do said work at and upon said machine; that thereupon it became and was the duty of the defendant to have seen that said machine was a reasonably safe and proper one for the performance of said work, and that it was suitable for the performance thereof and would not subject the plaintiff to unnecessary exposure of loss of life or limb in the performance of his duties as servant of the defendant; that the said defendant, in disregard of its duty in this behalf, did not see to it that said machine was a reasonably safe, proper and suitable one for the performance of such work, inasmuch as the tables of the said machine were allowed to be and remain at a great distance apart, to-wit, at a distance of three and a quarter inches, whereby and by means of the premises and the wrongful and negligent order and command of said foreman or boss, and while plaintiff, in the exercise of due care and caution for his safety, was planing certain pieces of wood on said machine, said wood was caught and tipped into the knives of said machine, and the fingers and left hand of plaintiff were then and there thrown against said knives, and by means thereof three of the fingers of plaintiff were then and there cut off and amputated, and the plaintiff was otherwise greatly and permanently wounded, disabled and injured, etc.

To the declaration a plea of not guilty was filed and two verdicts rendered in favor of the plaintiff were set aside. Upon the third trial the court, on motion of the defendant, after all the evidence was introduced, directed a verdict in its favor and entered judgment thereon. It was thereupon stipulated by the parties that upon an appeal to the Appellate Court, if the case should be reversed upon the ground that the plaintiff was entitled to recover under all the evidence introduced on the trial and submitted to the jury, then judgment should be entered in that court against the defendant,

and in favor of the plaintiff, for the sum of $3000. Plaintiff prosecuted his appeal to the Appellate Court for the First District, where the judgment of the trial court was reversed and a judgment entered in favor of the plaintiff for $3000, in pursuance of said agreement. The Appellate Court having found the facts different from that of the trial court, made the following finding of the ultimate facts: "First, that appellee wrongfully and negligently ordered appellant to perform certain work, and that in obeying such order appellant was injured, all as charged in the declaration; second, that the appellant was not guilty of any negligence which caused or contributed to such injury." The defendant prosecuted this further appeal.

F. J. CANTY, (J. C. M. CLOW, of counsel,) for appellant.

EDWARD MAHER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant relies upon two propositions for a reversal in this court: First, that by plaintiff's own testimony he was told by the foreman that he could take his choice of going ahead and doing the work or going home, and it is said that if he chose to remain and go on with the work he did so at his own risk, and that the only constraint under which he proceeded was moral constraint, which the law does not and cannot recognize, and that there is no legal coercion; and second, that the claim of the plaintiff of assurance of safety cannot be applied to the case, for the reason that the plaintiff was as well aware of the danger of using the machine as was the boss or foreman who, it is claimed, ordered him to proceed with the work; and it is argued that the only question for our consideration is whether the Appellate Court was justified in finding that the verdict should have been for the plaintiff instead of for the defendant. Both propositions insisted upon by counsel must necessarily depend upon the

facts of the case, and the Appellate Court having found the facts adversely to the defendant below, the legal questions attempted to be raised cannot be considered.

Under the provisions of section 86 of the Practice act and the repeated decisions of this court, the finding of facts by the Appellate Court is conclusive upon this court, and the only question which we can consider is whether the judgment as entered by the Appellate Court was such as should have been rendered under the facts so found by it. Accepting as true the finding that defendant negligently ordered the plaintiff to perform certain work, and that in obeying such order the plaintiff was injured, all as charged in the declaration, and that the plaintiff was not guilty of any negligence which caused or contributed to such injury, there can be no serious question but that the judgment of the Appellate Court was the only one which could, under the law, have been properly entered. As to the binding effect of the finding of facts by the Appellate Court upon this court, see *Supple* v. *Agnew,* 202 Ill. 351, and cases cited. The injury to the plaintiff having resulted, according to the finding of the Appellate Court, from the wrongful and negligent order of the defendant, and the plaintiff himself being without fault, the doctrine of assumed risk can have no application whatever to the case. *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak,* 148 Ill. 573; *Dallemand* v. *Saalfeldt,* 175 id. 310; *Western Stone Co.* v. *Muscial,* 196 id. 382; *Chicago and Eastern Illinois Railroad Co.* v. *Hecrey,* 203 id. 492.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

SCOTT and HAND, JJ., and CARTWRIGHT, C. J., dissenting:

The facts, as they appear from the evidence most favorable to the plaintiff, are as follows: The defendant was engaged in manufacturing cars in the city of Chicago. Plaintiff was a wood-worker in its employ. He was an experienced

mechanic, of mature years, and for the three years preceding the date of the accident had been constantly working on a machine which is referred to as a "Universal wood-working machine," which was made entirely of iron and steel, the top of which consisted of two flat surfaces which stood about three and a half feet high, each of which was about two feet wide and six or eight feet long. These surfaces are referred to as tables. They stood side by side, with a space between known as a throat. These surfaces were adjustable. They could be raised and lowered and moved nearer to, or farther from, each other. The head of the machine was in the space known as the throat. It was turned by machinery and could be made to revolve at the rate of 3500 revolutions per minute, and in the head many different kinds and shapes of knives could be fitted, so that the machine could be used for planing, grooving, sawing, gaining, and for other purposes. Shortly before the plaintiff received the injury of which he complains, the defendant's foreman directed him to take certain pieces of wood eight inches in length, two inches in thickness and octagonal in form, and plane them on this machine. When the machine was to be used for planing, proper knives were placed in the head, and the front table was so adjusted as to be as much lower than the rear table as the thickness of the shaving which was to be planed away. The piece to be planed was then placed upon the front table and passed backward over the revolving head to the back table, the upper edges of the knives, as they came to the highest point in revolving, being on a level with the surface of the back table. The operator placed the piece of wood on the front table with one end toward the knives and pushed it against the knives. When enough of the piece had been planed so that the planed portion would reach across the throat, the front end of the piece would rest upon the back table, and the piece would then have a bearing upon each table until the rear end of the piece would pass off of the front table. When the plaintiff was directed to do this

work, he said to the foreman that the throat was too wide for planing such short pieces.   The foreman then brought the tables as near together as he could get them, narrowing the throat to three and a half inches.   There was another planing machine on another floor in the defendant's establishment, and after this throat had been adjusted to three and a half inches, plaintiff said to the foreman, "There is too big an opening there," and called attention to the fact that the machine on the other floor had a smaller opening.   Thereupon the foreman said the machine which he had adjusted was all right and directed the plaintiff to do the work on that machine, and concluded with these words, "If you don't want to do it, go home."   The plaintiff then went to work in the manner directed, and while working on the second or third piece his hand slipped into the knives and was injured.

Plaintiff testified that at the time of this conversation with the foreman, immediately preceding the accident, he knew that this machine was not intended to do this kind of work because the opening in the machine was too big; that it was more dangerous to work with short pieces over a large opening than over a small one, and that the danger to the operator was greater with a three and a half inch throat than with a narrower one when planing pieces but eight inches in length, on account of the greater difficulty in holding the piece in proper position until the front end of it would reach the back table.

Plaintiff first urges that the findings of fact made by the Appellate Court are conclusive upon this court under section 88 of chapter 110, Hurd's Revised Statutes of 1903, and that there is nothing for this court to consider.   The motion for a peremptory instruction presented to the circuit court a question of law, and the court's action on that motion was a finding that there was not, in the record, evidence which, with all the inferences that the jury could justifiably draw therefrom, was sufficient to support a verdict in favor of the plaintiff.   *Foster* v. *Wadsworth-Howland Co.* 168 Ill. 514;

*Foster* v. *McKeown,* 192 id. 339; *Illinois Central Railroad Co.* v. *Swift,* 213 id. 307.

In order to render judgment for the plaintiff, the Appellate Court necessarily found, first, that there was in the record evidence which, with the inferences which the jury could justifiably draw therefrom, was sufficient to support a verdict in favor of the plaintiff; and second, that upon a consideration of all the evidence in the case the evidence in support of the declaration preponderates over that which supports the plea of the defendant. The first of these findings is upon a question of law. Jurisdiction to make that finding was conferred upon the Appellate Court by the appeal prosecuted by the plaintiff, and the Appellate Court had jurisdiction to make that finding without any regard to the stipulation, and that finding being one of law, is reviewable in this court. The motion made in the circuit court to direct a verdict presented and preserved a question of law, and therein this case is distinguishable from *Supple* v. *Agnew,* 202 Ill. 351, relied upon by plaintiff. The second finding, to the effect that the evidence preponderates in favor of the plaintiff, is one which in this case the Appellate Court could make only by virtue of the stipulation, and is a finding of fact not open for consideration here, and finally determines the right of plaintiff to recover if the finding of the Appellate Court upon the question of law presented by the motion to direct a verdict was correct. The same question of law is presented for our determination, precisely, as though the motion for a peremptory instruction had been overruled by the circuit court and there had been a verdict and judgment for $3000 in favor of the plaintiff, which had been brought to us for review, by the appeal of the defendant, after a judgment of affirmance in the Appellate Court, upon an assignment of error questioning the action of the circuit court in overruling the motion for a peremptory instruction.

The burden was upon the plaintiff to show that he did not assume the risk. (*Chicago and Eastern Illinois Railroad*

*Co.* v. *Heerey,* 203 Ill. 492.)    The question for our determination therefore is : Is there in this record any evidence which, with the reasonable inferences which the jury could justifiably draw therefrom, was sufficient to support a finding by the jury to the effect that the plaintiff did not assume the risk which resulted in his injury?

It plainly appeared from the testimony of the plaintiff that he was familiar with this machine and was entirely cognizant of the danger attendant upon planing eight-inch pieces over a three and a half inch throat.    To him the danger was plain and obvious.    He had as full and complete knowledge regarding the peril prior to the injury and when he began planing these short pieces as any one could have.    But it is said that the statement of the foreman to him that the machine was all right was an assurance of safety upon which he had a right to rely, and that for this reason this case falls within an exception to the doctrine of assumed risk.    This exception exists only where the servant does not have complete knowledge of the danger and where he therefore relies upon the knowledge of the master which is superior to his own, or which he believes or assumes to be superior to his own.    Where, as here, the servant knows exactly what the danger is, he cannot be said to rely upon an assurance that the danger does not exist, because he knows that it does exist.    It is only where the plaintiff has been misled by the assurance of the defendant that the exception exists.    *Rohrabacher* v. *Woodward,* 82 N. W. Rep. 797;    *Toomey* v. *Eureka Iron and Steel Works,* 89 Mich. 249;    *Anderson* v. *Akeley Lumber Co.* 47 Minn. 128;    *Reis* v. *Struck,* 23 Ky. L. 1113;    *Breckenridge & P. Syndicate* v. *Murphy,* 18 id. 915;    *Haas* v. *Balch,* 56 Fed. Rep. 984;    *Showalter* v. *Fairbanks, Morse & Co.* 88 Wis. 376.

The case of *Rohrabacher* v. *Woodward, supra,* seems to be squarely in point.    There the plaintiff was working upon precisely the same kind of machine that the plaintiff in the case at bar was using, and was required to plane short pieces

of wood thereon.   He called the attention of the defendant to the fact that this was a dangerous operation, but was assured by the defendant that the work was entirely safe.   His right to recover was denied upon the ground that he could not continue to operate a machine which he knew to be dangerous, simply upon the assurance of his master that it was not, when he himself had complete knowledge of the danger arising from its operation.

It is next urged that the order of the foreman was negligent in its character and brings the case within another exception to the doctrine of assumed risk, and we are referred to a number of cases decided by this court in which it has been held that the primary duty of the servant is obedience, and that when the master commands the servant to do a particular work or to use particular appliances and the servant is injured, the master is liable, and that in such cases it is not necessary that the servant shall balance the degree of danger and decide with absolute certainty whether he should do the act or refrain from doing it.   An examination of these cases shows that they are cases where the employee did not have full and exact knowledge of the danger he was about to encounter, or cases where the order was peremptory and required him to act immediately without an opportunity to weigh the probable consequences of so doing.   Here, as the plaintiff approached this task, he was fully acquainted with the peril attendant upon its performance.   Under the law, without any reference to the order given him, he could do the work and assume the risk or leave the employment, and under such circumstances, if he did the work he assumed the risk.   The order was an order to do the work or quit the employment.   With full and complete knowledge of the danger, and upon deliberation, he elected to do the work.   Under the circumstances, the order simply presented to him the same alternative that he had under the law, and he must therefore be regarded as having deliberately elected to incur a known danger rather than leave the employment of his master.   The

case, therefore, does not fall within this exception to the doctrine. *Leary* v. *B. & A. R. R. Co.* 139 Mass. 580; *Sweeney* v. *Berlin & Jones Envelope Co.* 101 N. Y. 520; *Lamson* v. *American Ax and Tool Co.* 177 Mass. 144; *Prentiss* v. *Kent Furniture Manf. Co.* 63 Mich. 478; *Dougherty* v. *West Superior Iron and Steel Co.* 88 Wis. 343; *Atchison, Topeka and Santa Fe Railroad Co.* v. *Schroeder,* 47 Kan. 315; *Worlds* v. *Georgia Railroad Co.* 99 Ga. 283; *Bradshaw* v. *Louisville and Nashville Railway Co.* 14 Ky. L. 688.

In *Lamson* v. *American Ax and Tool Co. supra,* an employee complained of an appliance as unsafe, and was told that he might either continue to use it or leave. With full knowledge of the peril he continued in the employment, and was held to have assumed the risk arising from the unsafe appliance.