CLARENCE A. TOOLEN, Admr.

*v.*

THE CHICAGO TOWEL SUPPLY COMPANY.

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*finding of facts by Appellate Court is conclusive.*   A finding of facts incorporated by the Appellate Court in its judgment reversing a judgment at law without remanding is conclusive upon the Supreme Court although only two judges of the Appellate Court concur in the finding, and the question whether such finding is supported by the evidence is not open to review.

2. SAME—*the judgment, not the opinion, of the Appellate Court is reviewed on appeal.*   On writ of error sued out from the Supreme to the Appellate Court the matter to be reviewed by the former court is the Appellate Court's judgment, and not its opinion.

3. COURTS—*two judges of Appellate Court concurring can enter a binding judgment.*   A judgment of the Appellate Court which is concurred in by a majority of the three judges has the same legal effect as though concurred in by the entire bench.

4. NEGLIGENCE—*when the finding of facts is conclusive against right of recovery.*   A finding incorporated by the Appellate Court in its judgment reversing a judgment in favor of the plaintiff in an action for negligence without remanding the cause, reciting that the defendant is not guilty of the negligence averred in the declaration, is conclusive against a right of recovery and is binding upon the Supreme Court.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

SIMEON ARMSTRONG, for plaintiff in error.

F. J. CANTY, and J. C. M. CLOW, (H. E. LONG, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the superior court of Cook county by the plaintiff in error, against the defendant in error, to recover damages for causing the death of Valentine Powers, plaintiff's intestate. The declaration contained two counts, and the general issue was filed.

Valentine Powers, at the time he was injured, was seven years and ten months of age. At about nine o'clock on the morning of May 8, 1902, a servant of defendant was driving a horse hitched to a wagon, upon Blue Island avenue, near its intersection with Harrison and Halsted streets, in the city of Chicago. As the horse and wagon approached the place where the deceased was standing, near the sidewalk, he suddenly started to run across said intersection, where he collided with the horse and was thrown down and one of the front wheels of the wagon passed over his body, from the effects of which he died on the following day. A trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $2000. The defendant prosecuted an appeal to the Appellate Court for the First District, where the case was assigned to the branch of that court for hearing and determination. The judgment of the superior court was reversed without remanding the cause, and the Appellate Court made and incorporated in its judgment the following finding of fact: "And the court, upon the allegations and proofs in the record in this cause contained, doth find that the defendant (appellant) is not guilty of the negligence averred in the

declaration," and the plaintiff has brought the cause to this court for further review by writ of error.

It is clear if the defendant was not guilty of the negligence averred in the declaration there could be no recovery. It is contended, however, that the evidence fairly tended to sustain the plaintiff's cause of action and that the Appellate Court erred in its finding of fact, and this court is asked to review the evidence and to disregard the finding of fact made by the Appellate Court on the ground that such finding of fact is not supported by the evidence. This court, in actions of this kind, does not review the facts, and by section 87 of the Practice act the Appellate Court, where it finds the facts different from the trial court, is expressly authorized to make a finding of fact, and in case such finding is made and incorporated in its judgment this court can only determine whether the Appellate Court has properly applied the law to the facts as found by it, and the power thus granted to the Appellate Court to find the fact has been so often sustained by this court that it would serve no useful purpose to again review the authorities upon that question, further than to refer to the case of *Earnshaw* v. *Western Stone Co.* 200 Ill. 220, where, on page 221, the court said: "It is, however, contended that the Appellate Court had no power to reverse said cause without remanding the same for a new trial, and it is insisted that the statute which authorizes the Appellate Court to make a finding of fact and provides that such finding shall be binding upon this court is in conflict with the constitution of this State and the constitution of the United States and is therefore void, and that such finding of fact should not be treated as binding upon this court in its final determination of the case. The method of procedure followed by the Appellate Court in this case is legal and in accordance with a long line of decisions heretofore made by this court, and is now too firmly established to be challenged or overturned." And the case of *Supple* v. *Agnew*, 202 Ill. 351, where, on page 353, it was said: "That the Appellate Court had the

power, under section 87 of the Practice act, to reverse the judgment of the superior court without remanding the cause, upon the ground that the weight of the evidence did not authorize the verdict, is too well settled by our former decisions to be longer a matter of controversy. (*Fitzsimmons* v. *Cassell,* 98 Ill. 332; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399, and cases cited; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348.) Nor can it be denied that the finding of facts recited by the Appellate Court in its judgment is conclusive upon this court. In such case we can only determine whether or not the Appellate Court properly applied the law to the facts so found. A few of the cases so holding are *Hawk* v. *Chicago, Burlington and Northern Railroad Co. supra; Hancock* v. *Singer Manf. Co.* 174 Ill. 503; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Homersky* v. *Winkle Terra Cotta Co.* 178 id. 562."

It is further urged that the finding of fact as made by the Appellate Court is not binding upon this court, as, it is said, it appears from the opinion of the Appellate Court (a copy of which is found in the abstract) the finding was not concurred in by all the judges of the Appellate Court, as one of the judges of that court dissented. The finding of fact of the Appellate Court is incorporated in the judgment of that court but not in its opinion, and the writ of error sued out from this court to the Appellate Court brings before this court for review the judgment of the Appellate Court, and not its opinion. If, however, it were conceded that only two of the judges of the Appellate Court concurred in making the finding of fact incorporated in the judgment of that court, still such finding would be the judicial determination of that court and binding upon this court. The Appellate Court for the several districts of this State consists of three judges, a majority of whom control the action of the court, and the action of such majority, when formulated into the form of a judgment, has the same legal effect as though concurred in by all the judges of said court. In *Chicago City*

*Railway Co.* v. *Mead,* 206 Ill. 174, on page 179, it was said: "The determination of the question of law raised in this court cannot be made to depend upon what the Appellate Court said respecting the controverted questions of fact, in the opinion filed in the case. The statute requires the Appellate Court to file an opinion giving the reasons for the decision, but it is the judgment of the court, and not the opinion, which is reviewed on appeal to this court." And in *Crawford* v. *Burke,* 201 Ill. 581, it was held a judgment of affirmance by the Appellate Court entered because of the disagreement of two of the judges, the third having presided in the trial court, settles all controverted questions of fact the same as in any other case which might come before the Appellate Court for determination. And in *Chicago and Eastern Illinois Railroad Co.* v. *Schmitz,* 211 Ill. 446, in a similar state of case the court, on page 454, said: "The general rule is, that where the judgment of the trial court is in favor of the plaintiff and the Appellate Court affirms that judgment, all questions of fact are settled so far as this court is concerned; and we know of no exception to that rule, whether the judgment of affirmance entered by the Appellate Court has been entered by a full consideration of the case by all of the judges, or whether it has been entered because of the peculiar state of facts existing here."

The finding by the Appellate Court of the facts in a case reviewed by that court is binding upon this court whether the judgment of the lower court is affirmed or reversed. The cases above referred to are in principle like the case at bar, and dispose of the contention made by plaintiff in error adversely to his contention.

The finding of the Appellate Court that the defendant was not guilty of the negligence averred in the declaration being accepted as true, as it must be by this court, the judgment rendered by the Appellate Court necessarily followed, and must therefore be affirmed.    *Judgment affirmed.*