## W. H. Hilton et al., Appellees, v. William L. Oakes, Appellant.

1. APPEALS AND ERRORS—*power to reverse without remanding.* Even though the evidence was such as not to justify a peremptory instruction, yet the Appellate Court will reverse without remanding on the ground that the weight of the evidence does not authorize the verdict.

2. CONTRACTS—*when strict performance essential.* Substantial performance of a contract providing for the construction of a monument provided for by definite specifications is not sufficient; strict performance is essential.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed May 19, 1909. Rehearing denied, opinion modified June 30, 1909.

JAMES M. TAYLOR and LESLIE J. TAYLOR, for appellant.

HOGAN & WALLACE, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellees, W. H. Hilton and W. E. Barbre, brought suit for the use of the First National Bank of Taylorville, Illinois, against William L. Oakes to recover the price of a monument, alleged to be due by the terms of a written contract. There was a verdict and judg-

ment in favor of appellees in the sum of $744.68, from which Oakes has prosecuted an appeal.

The case was before this court upon a former appeal at the November term, 1905, when the judgment was reversed and the cause remanded in an opinion reported in 127 Ill. App. 208, and as the subject-matter of the controversy was there fully set out, it is unnecessary to state it in detail in this opinion.

Upon the former hearing we held that the contract involved required appellees to erect a monument which should, when completed, strictly comply with the terms of the contract, and from that holding we have no disposition to depart. Counsel for appellees, in their brief, say that "in the trial of the present case the theory of strict compliance was the one on which the case was tried." In the trial last held at the close of all the evidence upon the part of appellees, appellant offered a motion to take the case from the jury upon the ground that there was no evidence upon which a verdict could be returned in favor of appellees, which motion was overruled by the court and an exception saved. This motion was renewed by appellant at the conclusion of all the evidence in the case which motion was also overruled and exception had.

Several witnesses called on behalf of appellees, who were engaged in the business of selling and erecting monuments, testified that they had examined the monument in question and that in their opinion such monument was a first-class job as required by the contract. In view of this evidence the trial court, not being empowered to weigh the evidence and determine the issue as one of fact, properly refused to give the peremptory instructions requested by appellant. This court is, however, authorized to reverse the judgment without remanding the cause upon the ground that the weight of the evidence does not authorize the verdict. C. C. C. & St. L. Ry. Co. v. Alfred, 123 Ill. App. 477; Toolen v. Chicago Towel Supply Co., 222 Ill. 517.

The contract involved provided among other things

that the monument should be a light, fine grained, gray granite monument, subject to inspection by the purchaser and if not first class in every particular, purchaser need not receive it until made so at expense of the builder.

This language is too plain to be misunderstood and clearly means that the monument when finished must be not only of light, fine grained and gray granite, but that the work should be first-class in every detail.

The monument was what is commonly known as a combination job, with the cap, die and one base hammered and the other two bases rock faced. A consideration of all the evidence offered by appellees shows that there was slight difference in the shades of gray between some of the separate pieces composing the monument; that one base was a shade darker, while another base also was a little different shade from the others; also that there were some ten or twelve bruises or drill marks about six inches apart on one side of the second base of the monument, which were there when appellees turned the monument over to appellant as a completed job under the contract.

From such evidence it further appeared that such drill holes were made when the size and shape of the base were determined upon, and when the base was separated from the adjoining granite. The base, when its size was determined upon, was not large enough to proportionately fit the adjoining pieces and permit of pitching out these drill holes. Either the drill holes had to be allowed to remain in full view upon the base, or the base had to be so reduced in size by pitching out the bruises that it would appear proportionately small, when compared with the other pieces.

It further appeared from such evidence of appellee that while it was usual in many cases to permit drill holes to so remain upon such monuments, yet when it was practicable to pitch these marks, or drill holes out, it was the rule to pitch them out; that it was preferable to do so and the work looked better to have

them out. From the evidence of appellee, only one conclusion can be drawn consistently and that is, that the base upon which these drill marks appear was too small to fill the place it was designed to fill and be free from drill holes. These drill holes seemed to have their centers along a line which marked the outside measurement of the base on one side. To have made the work upon that side of the base look like the base upon its other sides, it would have been necessary to reduce the size of the base approximately one-half of the diameter of the drill holes.

Appellees were bound by the contract sued on to do first-class work in every particular, and appellant was not put to his election to determine whether he would accept a monument with drill holes appearing along the whole of one side of the second base, or to accept one with its second base too small and out of proportion to the other parts of the monument.

We are clearly of the opinion that the great weight of the evidence did not authorize a verdict for appellees, and find as a fact to be incorporated in the judgment of this court that the work tendered to appellant was not in strict compliance with the contract between the parties.

The judgment of the trial court is reversed, but the cause is not remanded.

*Reversed.*